1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO McKINNEY,

    Plaintiff,                           No. CIV S-99-0622 MCE PAN P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants                     FINDINGS & RECOMMENDATIONS
_____/

        Plaintiff is a state prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983. He claims defendants were deliberately indifferent to his safety when they transferred him from a less secure to a more secure, and more dangerous, prison. On February 27, 2006, he filed a request for an order directing he be housed alone.[1]

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a

---

[1] Plaintiff must serve all documents conventionally in accordance with the relevant provisions of Fed. R. Civ. P. 5. See Local Rule 5-135(b). Since an attorney has appeared on behalf of defendants, documents submitted by plaintiff must be served on that attorney and not on defendants. Fed. R. Civ. P. 5(b)(1). Conventional service is usually accomplished by mailing a copy of the document to the attorney's address of record. See Fed. R. Civ. P. 5(b)(2)(B). Plaintiff must include with every document filed in this action a certificate stating the date an accurate copy of the document was mailed to defendants' attorney and the address to which it was mailed. See Local Rule 5-135(b) and (c).

1

temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent however, that requests for temporary restraining orders which are not <u>ex parte</u> and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.  <u>See</u> <u>New Motor Vehicle Bd. v. Orrin W. Fox Co.</u>, 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); <u>Los Angeles Unified Sch. Dist. v. United States Dist. Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); <u>Century Time Ltd. v. Interchron Ltd.</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

The legal principles applicable to a request for injunctive relief are well established.  To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor.  <u>See</u> <u>Coalition for Economic Equity v. Wilson</u>, 122 F.3d 692, 700 (9th Cir. 1997); <u>Oakland Tribune, Inc. v. Chronicle Publ'g Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown.  <u>Oakland Tribune</u>, 762 F.2d at 1376.  "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury."  <u>Id.</u>  In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits.  <u>Id.</u>

Plaintiff alleges he is not "correctly" housed and his classification score is illegal and retaliatory.  But he does not show he will suffer any injury or that the balance of hardships tips in his favor.

Accordingly, IT HEREBY IS RECOMMENDED that plaintiff's February 27, 2006, request for an injunction be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

1  after being served with these findings and recommendations, plaintiff may file written objections.
2  The document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  Failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
5  DATED:  March 24, 2006.

UNITED STATES MAGISTRATE JUDGE

\004
\mcki0622.f&r dny pi-tro