UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONZO McKINNEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | No. 2:99-cv-0622-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On June 6, 2007, the case was closed after summary judgment was granted in defendant's favor. ECF Nos. 154, 155. Plaintiff appealed (ECF No. 156) and his appeal was ultimately dismissed for lack of jurisdiction on November 19, 2007. *See McKinney v. Thomas*, No. 07-16761 (9th Cir. 2007). The Ninth Circuit's mandate issued on March 26, 2008. ECF No. 159. On September 21, 2018, plaintiff filed a request for relief from judgment. ECF No. 162. That request must be denied.

/////

/////

/////

1

Legal Standards

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonably diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

Analysis

Plaintiff argues that he is entitled to an evidentiary hearing in this case because he "developed a factual basis of claim that, if proven, would entitle him to relief." ECF No. 162 at 2. Thus, the court interprets the motion as seeking relief from judgment on the basis of newly discovered evidence.[1] And, because this motion was clearly not filed within one year of entry of judgment, it must be denied. *See Nevitt v. United States*, 886 F.2d 1187 (9th Cir. 1989) (holding that district court lacked jurisdiction to consider a Rule 60(b)(2) motion that was not filed within one year of entry of judgment).[2]

---

[1] The court is reduced to interpreting plaintiff's probable intent because, other than the first page, the entirety of the two-hundred and forty-nine page motion is composed of sundry exhibits which are offered without context. ECF No. 162.

[2] Even if plaintiff's motion is construed as proceeding under 60(b)(6) rather than 60(b)(2), it would still be subject to the requirement that it be filed "within a reasonable time." Here, the approximately ten-year delay in filing precludes such a finding. *See, e.g., Adams v. Hedgpeth*, 2014 U.S. Dist. LEXIS 69853, 2014 WL 1795167, at *2 (C.D. Cal. Apr. 9, 2014) ("District courts have found a delay of even 14 or 15 months before seeking relief from a judgment dismissing a habeas petition was unreasonable."); *Rodriguez-Villareal v. United States*, 2007 U.S. Dist. LEXIS 60918, 2007 WL 2410058, at *3 (S.D. Cal. Aug. 17, 2007) (finding

Conclusion

Based on the foregoing, it is hereby RECOMMENDED that plaintiff's motion for relief from judgment (ECF No. 162) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

petitioner's 14-month delay before filing a Rule 60(b)(6) motion untimely).